ATTACHMENT A

UNITED STATES v. LESLEY MERISE, 06-042(01)

**STATEMENT OF THE OFFENSES**

FILED

AUG 3 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Introduction

    On or about September 26, 2005, at approximately 2 a.m., defendant LESLEY MERISE and the other hostage-takers invaded the home of a nine-year old American child, located in the Route des Freres section of Port au Prince, Haiti. The child was asleep in the home she occupied with her parents. The child is a citizen of the United States, having been born in Boston, Massachusetts in 1995.

    Defendant MERISE and other hostage-takers Phito Cajuste, Yves Jean Louis and Ernso Louis had advance knowledge of the layout of the house from coconspirator Yves Jean Louis, who by virtue of his past employment by the family of the child, was able to convey detailed information to the three other hostage-takers concerning the physical layout of the house. Yves Jean Louis, who was also a distant relative of the mother of the child, was angry at the family of the child. Yves Jean Louis believed that they had underpaid him in his employment and that they had promised him other financial rewards and then declined to provide him with further funds or items of value, thus providing a motive for the hostage-taking.

    Upon entry on the property, Yves Jean Louis distracted the dogs on the property by giving them food. While Yves Jean Louis was keeping the dogs occupied, defendant LESLEY MERISE, Ernso Louis and Phito Cajuste entered the home through a previously unlocked entrance. Having fed the dogs, Yves Jean Louis rejoined the others in the house. The group proceeded to the bedroom of the parents of the child. Once in the bedroom, Cajuste, Ernso Louis and another hostage-taker bound the father to prevent him from moving. One of the hostage-takers pointed a fake gun at the father of the child. The hostage-takers bound the mother as well. The hostage-takers stole approximately one thousand US dollars in local currency, a watch and a pair of athletic shoes.

    Next, defendant MERISE and the other hostage-takers went to the room where the child was sleeping. They covered the mouth of the child, picked her up and carried her out of the house, without waking any of the siblings. The hostage-takers had started to tape the child's mouth shut, but the child explained that she would die if they did that because she could not breathe

9              Initials: _ES_ / _d.M_

through her nose. The child suffers from asthma and a heart condition. They threatened the child during the abduction that they would kill her if she did not stay quiet. The hostage-takers also pointed the fake gun at the child's head to threaten her.

The hostage-takers stole the car of the father of the child and drove it away as the getaway car. The hostage-takers then took the child to a location and held her there until approximately 10 p.m. that night. While at that location, although she was blindfolded for much of the time, the child heard clearly the voice of defendant Yves Jean Louis. The structure at this location was a shack that had little protection from the elements. For that reason, the hostage-takers decided to move the child to another location.

The hostage-takers proceeded to make ransom demands of the child's family by telephone. Defendant LESLEY MERISE made many ransom calls. Cajuste made at least one ransom call. The initial demand was $200,000 in U.S. currency. Over the course of the negotiations, which occurred by telephone, the demand amount was eventually lowered to $50,000. The family tried to raise the money but could come up with only an amount of approximately $8,000. Defendant LESLEY MERISE and the other hostage-takers would not accept that amount.

At least two of the hostage-takers, defendant LESLEY MERISE and Ernso Louis, next moved the child to a mountainous remote location, accessible by hiking on foot for approximately two hours, in the Ghantier area of Haiti. They held the child hostage in a primitive building there. Ernso Louis held the child there and cared for her. Defendant LESLEY MERISE returned as needed to that location to put the child on the phone to show proof of life during the ransom negotiations. The hostage-takers repeatedly told the child that if she made too much noise, tried to leave, or told anyone that she had been kidnaped, she and her family would be killed. After a number of days, defendant Ernso Louis decided to permit the child to go outside to play in the nearby area.

A young adult who resided in the area noticed the arrival of the new child and befriended her. That adult engaged the child in conversation and established a level of trust with her. That adult eventually learned from the child that she had been kidnaped. That adult persuaded the child to write in charcoal on a piece of paper the name of her father and her telephone number.

The adult went to the local authorities with this

information. Because of the situation, it was decided that the best approach was for that adult to return to the scene and arrange a way for the child to go outside, which the adult did. The adult entered the house and engaged Ernso Louis in conversation to distract him until an opportunity arose to signal the child to go outside. When the adult signaled her, the child bolted. Outside, law enforcement, including the Haitian National Police ("HNP") and the United Nations Civil Police ("UN CivPol"), was waiting. A short while later, law enforcement entered the building where the child had been held hostage. They found Ernso Louis inside and detained him.

After the abduction, a face mask was located at the perimeter of the girl's home. Ropes were recovered after having been cut from the wrists of the parents. A machete was located on the property which had not been there prior to the crime. After the victim was rescued, the location where she had been held and where Ernso Louis was found, was searched. A real-looking imitation handgun and a glove were found there. Ernso Louis was found in possession of the athletic shoes as well as a binder and a wallet belonging to the child's father, all of which had been stolen from the child's house the night of the kidnaping. The face mask, the cords, the machete, the imitation handgun and the glove are all presently in the custody of the FBI.

Agents of the FBI spoke with the child, as well as members of her family. The child informed them that she knew the identity of one of her kidnappers. The child related that, although she had been blindfolded for much of the ordeal, she clearly recognized the voice of Yves Jean Louis. The child was familiar with his voice from having heard it when he worked at her family's home. The family of the child provided some identifying data and law enforcement was able to determine where defendant Yves Jean Louis was.

Yves Jean Louis was positively identified by the child after she reviewed a stack of photographs of men. Upon observing a photograph of Yves Jean Louis, the child identified him by name as a member of the group that kidnaped her and held her hostage. Ernso Louis was positively identified by the child after she reviewed a stack of photographs of men. Upon observing a photograph of Ernso Louis, the child identified him by name as a member of the group that kidnaped her and held her hostage.

Yves Jean Louis was apprehended by law enforcement at his home. The FBI interviewed Yves Jean Louis. At the start of the interview, the FBI informed Yves Jean Louis of his rights in his

11                                    Initials: _____ / _____

native language.  Yves Jean Louis waived his rights orally and in writing.  Yves Jean Louis gave a statement confessing to his participation in the kidnaping and hostage-taking.  Yves Jean Louis also implicated his coconspirators including defendant MERISE as well as the two other hostage-takers.  Yves Jean Louis has been acquainted with MERISE for many years.

The FBI also interviewed Ernso Louis.  At the start of the interview, the FBI informed Ernso Louis of his rights in his native language.  Ernso Louis waived his rights orally and in writing.  Ernso Louis gave a statement confessing to his participation in the kidnaping and hostage-taking.  Ernso Louis also implicated his coconspirators, defendant MERISE and the two others.  Ernso Louis has been acquainted with MERISE for more than four years.

On December 16, 2005, in case 05-376, Yves Jean Louis and Ernso Louis each pleaded guilty to one count of hostage-taking in violation of 18 U.S.C. § 1203.

On January 29, 2006, Phito Cajuste was interviewed by two agents of the FBI interviewed Cajuste in Port au Prince, Haiti.  Cajuste was read his rights in his native Creole and waived his rights orally and in writing.  Cajuste related that defendant LESLEY MERISE and Yves Jean Louis approached him and asked him to take part in their plot to kidnap "Olivia" and take her to the top of a mountain to hold her for ransom.  Cajuste had been acquainted with MERISE for about four years.  MERISE offered Cajuste payment of a significant sum of money for his part in the kidnaping.  Cajuste admitted to the FBI that he went to the house with MERISE, Yves Jean Louis and Ernso Louis, that he Cajuste was armed with a machete, wore a mask, and participated in restraining the parents while one of the others snatched the sleeping child from her bed.  Cajuste related other details very consistent with what the other two conspirators, as well as the victims, related concerning the crime.  After the abduction, Cajuste stated that he drove with the others and the child to the base of a mountain, and from there he took a taxi home.  Cajuste further stated that he assisted defendant LESLEY MERISE with ransom calls to the father of the child and that he personally conducted one call, in which he demanded USD $100,000.  On May 4, 2006, Phito Cajuste entered a guilty plea in case 06-042-02 to one count of hostage-taking.

Acknowledgment:

    I have had read to me this Statement of Offenses and carefully reviewed every part of it with my attorney. I agree that it is a fair and accurate description of what happened.

8-31-07
Date

Lesley Merise, Defendant


    I am defendant's attorney. I have reviewed every part of this Statement of Offenses with him.

8-31-07
Date

Edward Sussman, Esq.
Counsel for Defendant


13    Initials: ES /L.M

ATTACHMENT B:

SENTENCING GUIDELINES CALCULATIONS FOR LESLEY MERISE:

BASE OFFENSE: 18 U.S.C. § 1203(a)

| 1203(a) | Hostage taking | | |
|---|---|---|---|
| | Kidnaping, Abduction, Unlawful Restraint (2A4.1(a)) | BOL | 32 |
| | Ransom demand (2A4.1(b)(1)) | | 6 |
| | Use of dangerous weapon (2A4.1(b)(3)) | | 2 |
| | Victim held seven-plus (7+) days (2A4.1(b)(4)(B)) | | 1 |
| | TOTAL | | 41 |

14                                    Initials: ES /L.M/