**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Criminal Action No. 06-42-1 (JDB)** |
| **LESLIE MERISE**<br>**Defendant.** | |

**MEMORANDUM OPINION & ORDER**

Before the Court is a pro se "Motion for Downward Departure" filed by defendant Leslie

Merise. See Mot. for Downward Departure Pursuant to 18 U.S.C. § 3624(c) [ECF No. 62] ("Def.'s

Mot."). Merise asks the Court to "order his immediate release from prison," id. at 3, and/or to

"reduce his sentence," Def.'s Reply [ECF No. 65] at 3. Even construing his motion with the liberal

attitude appropriate for pro se filings, it fails to state a basis on which the Court could grant the

relief Merise seeks. For the reasons explained below, the Court will deny the motion.

**Background**

In the early morning of September 26, 2005, defendant Leslie Merise and three other men

broke into the home of an American family in Haiti and kidnapped a nine-year-old girl.[1] Statement

of the Offenses [ECF No. 36-1] at 1. Wearing masks and brandishing weapons including a

machete and a fake firearm, the men abducted the girl from her bed after binding her parents and

stealing more than $1,000 worth of cash and goods, including the family's car for use as a getaway

vehicle. Id. at 1–3. The kidnappers then took the girl to a remote location in the mountains, where

she was held for more than a week while the hostage-takers demanded ransom money from her

---

[1] The indictment and many other documents in this matter spell Merise's first name as "Lesley." In the instant
pro se filing, however, Merise gives his name as "Leslie." See Def.'s Mot. at 1, 3. The Court will thus defer to the
defendant as to the spelling of his own name.

1

family.  Id. at 1–2.  After the girl's rescue by law enforcement, authorities identified Merise as one of the four kidnappers.  Id. at 4.

Merise was arrested in Haiti and, after waiving extradition, was transported to the United States and arraigned.  See Mem. Op. at 2 [ECF No. 60]; see also Min. Entry, Apr. 10, 2007; Bench Warrant Returned Executed [ECF No. 19].  In August 2007, Merise pled guilty to one count of Hostage Taking and Aiding and Abetting and Causing an Act to be Done, in violation of 18 U.S.C. § 1203(a).  Plea Agreement [ECF No. 36] at 1; Indictment [ECF No. 1] at 1–2.  This Court then sentenced Merise to 238 months in prison followed by 60 months of supervised release.  See Judgment [ECF No. 44] at 2–3.  Merise never appealed his sentence, but in 2019 he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  See Mot. to Vacate, Set Aside or Correct Sentence [ECF No. 53] ("Def.'s 2255 Petition").  This Court dismissed that motion as untimely on April 21, 2020.  See generally Mem. Op.

On October 8, 2021, the Court received and docketed the instant "motion for downward departure" and an accompanying motion to proceed in forma pauperis.[2]  See generally Def.'s Mot.; Def.'s Appl. to Proceed Without Prepayment of Costs, Fees, or Security [ECF No. 63].  The government timely responded on October 22, see Gov't's Opp'n to Def.'s Mot. [ECF No. 64] ("Gov't Opp'n"), and Merise then submitted a reply by mail, which was received and docketed on November 30, 2021.  See generally Def.'s Reply.  Briefing is thus complete, and the motion is ripe for decision.

## Analysis

As Merise notes repeatedly in his papers, the Court has an "obligation to provide pro se litigants with somewhat more latitude than is provided to litigants represented by counsel."  U.S.

---

[2] Although the Court did not receive and docket the filings until October 8th, both motions are dated—and thus appear to have been sent on—September 21, 2021.

ex rel. Westrick v. Second Chance Body Armor, Inc., 293 F. Supp. 3d 77, 81 (D.D.C. 2018); see, e.g., Def.'s Mot. at 1; Def.'s Reply at 1.  In keeping with this principle, the Court will attempt to suss out the bases for Merise's motion and address each of them.  Merise explicitly references three sources of legal authority for his request to be released from prison: the Court will discuss these three arguments first, before moving to a final argument inferred from the nature of the relief sought.

Merise's first explicit basis for his request is 18 U.S.C. § 3624(c)—this provision even appears in the title of his motion.  See Def.'s Mot. at 1, 3.  Section 3624(c) provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

18 U.S.C. § 3624(c)(1).  But despite this directive, "[p]lacement of a prisoner is the [Bureau of Prisons's] decision, and 'a designation of a place of imprisonment . . . is not reviewable by any court.'"  United States v. King, Crim. A. No. 18-318 (JDB), 2021 WL 880029, at *5 (D.D.C. Mar. 9, 2021) (quoting 18 U.S.C. § 3621(b)).  As a consequence, courts "lack[] the authority to release [a defendant] to home confinement."  United States v. Shabazz, 502 F. Supp. 3d 194, 199 (D.D.C. 2020), vacated on other grounds, 848 F. App'x 441 (D.C. Cir. 2021); accord, e.g., United States v. Orji, 486 F. Supp. 3d 398, 403 (D.D.C. 2020).  Thus, to the extent Merise asks the Court to order the BOP to release him to home confinement without modifying his sentence, the Court is without power to do so.

Second, Merise cites United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994), see Def.'s Mot. at 3, in which the D.C. Circuit held that a "downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his sentence."  27 F.3d at 655.  But Smith departures are not mandatory, see id. at 655–56, and the

government is correct that <u>Smith</u> is relevant only at sentencing and "is not a mechanism for sentence reduction postconviction." Gov't Opp'n at 4. In any event, this Court <u>did</u> give Merise the benefit of <u>Smith</u> at his sentencing in 2007. Noting that Merise was a deportable alien and that he would therefore "not get the benefit of some programs that are available through the Bureau of Prisons," the Court found that his status "[wa]s likely to cause a fortuitous increase in the severity of his confinement" and, explicitly citing <u>Smith</u>, reduced the sentence the Court would otherwise have imposed by six months. Sent. Tr. [ECF No. 59] at 37:16–38:9.[3]

Merise's third explicit basis for relief comes in his reply brief: he suggests that his plea was not made intelligently and/or that his counsel was inadequate.[4] Citing case law regarding the right to counsel in the plea context, Merise states that he "did not have the benefit of independent Counsel" when he agreed to plead guilty. Def.'s Reply at 2. Moreover, he appears to fault his attorney for not agreeing to a departure in his plea agreement, explaining (not unreasonably) that he was "unfamiliar[] with the American law" and that "there is no one in the world who would not agree on something that would benefit him or her in a[] situation like this." <u>Id.</u>[5] He also criticizes his attorney for not appealing his sentence. <u>See id.</u>

These arguments resemble those raised in 2019 in Merise's § 2255 petition, including that "trial counsel performed deficiently when, after sentencing, he failed to consult with Mr. Merise

---

[3] As for Merise's argument that the principles underlying <u>Smith</u> "support[]" the relief he seeks under § 3624(c), Def.'s Mot. at 3, even assuming that is true, it does not change the fact that the Court is unable to order BOP to release him without reducing his sentence. And as the Court will discuss below, none of the avenues for reducing Merise's sentence are available to him.

[4] Although a party is usually not permitted to raise a new claim in his reply brief, <u>e.g.</u>, <u>Nat'l R.R. Passenger Corp. v. Se. Pa. Transp. Auth.</u>, 518 F. Supp. 3d 19, 30 (D.D.C. 2021), given Merise's <u>pro se</u> status and the ambiguity of his motion, the Court will nonetheless consider this claim.

[5] This accusation appears to arise from Merise's misunderstanding of a footnote in the government's opposition brief. In explaining why the Court's <u>Smith</u> departure was <u>sua sponte</u>, the government noted that "the terms of the plea agreement did not permit either party to seek a departure." <u>See</u> Gov't Opp'n at 3–4 & n.2.

concerning a direct appeal," Def.'s 2255 Petition at 6, 14,[6] and that Merise "made his guilty plea unknowingly and unintelligently, since neither counsel nor court correctly informed him of either the nature of the charge or his available defenses," id. at 9, 16.  These alleged constitutional violations could only justify releasing Merise if raised in a § 2255 petition, but to the extent the instant motion is construed as such a petition, it is now even less timely than the 2019 petition dismissed for untimeliness.[7]  See Mem. Op. at 9.  And even if Merise's argument were timely, there simply are not enough facts in Merise's present motion to support his contentions, even when construed liberally.

Finally, the government construes Merise's motion as a request to modify his sentence under 18 U.S.C. § 3582(c), see Gov't Opp'n at 2–3, and, given Merise's requests that the Court "order his immediate release from prison," Def.'s Mot. at 3, and "reduce his sentence," Def.'s Reply at 3, the Court agrees that this is a reasonable and appropriately charitable reading of his motion.  "Section 3582(c) is the sole means by which a District Court may modify a legally-imposed sentence," United States v. Bynoe, No. CR. 91-559-03 (TFH), 2006 WL 1071481, at *2 (D.D.C. Apr. 21, 2006), and it provides for three situations in which a modification may be granted.  First, a defendant may seek compassionate release under § 3582(c)(1)(A).[8]  But this subparagraph

---

[6] The petition's pagination is noncontinuous and slightly out of order; these numbers correspond to the page in the petition as it appears on the docket rather than the document's internal pagination.

[7] Such a construction also runs into § 2255's bar on "second or successive motion[s]" unless the motion is "certified . . . by a panel of the appropriate court of appeals to contain" "newly discovered evidence" supporting a conclusion of actual innocence or a "new rule of constitutional law . . . that was previously unavailable."  As should be apparent, no such certification has occurred, nor does Merise allege either newly discovered evidence or a new, retroactive rule of constitutional law.

[8] Section 3582(c)(1)(A) provides:

The court . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison . . . for the offense or offense for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . .

includes an exhaustion requirement: a defendant may seek compassionate release only if he first requests that the Bureau of Prisons do so on his behalf and then either waits thirty days or exhausts his internal appeals of BOP's denial.   18 U.S.C. § 3582(c)(1)(A); see, e.g., United States v. Morales, Crim. A. No. 06-248-4 (JDB), 2021 WL 4622461, at *2 (D.D.C. Oct. 7, 2021).   There is no indication that Merise ever submitted a request for compassionate release to the warden of his facility.   Thus, even interpreting the instant motion as a request for compassionate release, the Court is foreclosed from considering it, as Merise has not exhausted his administrative remedies as required by statute.   E.g., United States v. Douglas, Crim. A. No. 10-171-4 (JDB), 2020 WL 5816244, at *1 (D.D.C. Sept. 30, 2020) (noting that § 3582(c)(1)(A)'s exhaustion requirement is mandatory and collecting similar cases).

Second, "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure."   18 U.S.C. § 3582(c)(1)(B).   Rule 35(a) provides that a court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days of sentencing, and Rule 35(b) permits a sentence reduction for defendants who, "after sentencing, provide[] substantial assistance in investigating or prosecuting another person," Fed. R. Crim. P. 35(b)(1).   Neither situation is applicable here, and Merise has not pointed to (nor can the Court identify) any other statutory provision that would permit a reduction in his sentence.   Finally, § 3582(c)(2) allows a defendant to petition for a reduction in his term of imprisonment if he was "sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission."   Merise's sentencing range was calculated almost exclusively using the provisions of USSG § 2A4.1, see Sent. Tr. at 4:13–5:4, which has not been amended since Merise's sentencing in 2007.

Thus, none of § 3582(c)'s avenues for modifying a term of imprisonment apply in this case. Nor, as described above, do any of the authorities cited by Merise permit the Court to grant the relief he seeks.   Accordingly, upon consideration of [62] defendant's motion for downward departure, [63] defendant's motion to proceed in forma pauperis, and the entire record herein, and for the foregoing reasons, it is hereby

**ORDERED** that [63] defendant's motion to proceed in forma pauperis is **GRANTED**; and it is further

**ORDERED** that [62] defendant's motion for downward departure is **DENIED**.

**SO ORDERED**.

/s/
JOHN D. BATES
United States District Judge

Dated: February 7, 2022

7